IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Ping Lu, Jill McKeon, Richard McKeon, Stephen Spencer, Spencer Stopa, and Judy C. Winnegar, on their own behalf and on behalf of a certified class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>OppenheimerFunds, Inc., OFI Private Investments, Inc., and OppenheimerFunds Distributor, Inc.,<br><br>Defendants. | Case No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants OppenheimerFunds, Inc. ("OFI"), OFI Private Investments, Inc. ("OFIPI"), and OppenheimerFunds Distributor, Inc. ("OFDI") (collectively, "Defendants") hereby remove this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the State of New Mexico, County of Santa Fe, First Judicial District Court, to the United States District Court for the District of New Mexico, and respectfully state as follows:

## INTRODUCTION

1. This action was commenced in the State of New Mexico, First Judicial District Court, by the filing of a Complaint, and subsequently a First Amended Complaint, captioned *Ping Lu, et al. v. OppenheimerFunds, Inc., et al.,* Case No. D-101-CV-2014-00446 (the "State

1

Court Action"). Plaintiffs are Ping Lu, Jill McKeon, Richard McKeon, Stephen Spencer, Spencer Stopa, and Judy C. Winnegar ("Plaintiffs"). Plaintiffs purport to bring their claims on behalf of themselves and a class certified in New Mexico State Court.

2. Defendants were not served with a copy of the initial Complaint, filed in the State Court Action on February 21, 2014. On June 9, 2014, Defendants were served with a copy of the First Amended Complaint, filed on May 14, 2014. A true and correct copy of the First Amended Complaint is attached to the Declaration of Paul M. Fish in Support of Defendants' Notice of Removal (the "Fish Declaration") as Exhibit 1.

3. Defendants have not pled, answered, or otherwise appeared in the State Court Action.

4. This Notice of Removal is being filed before the expiration of 30 days after service of the Summons and Complaint, and is thus timely filed under 28 U.S.C. § 1446(b).

5. This action arises out of litigation between Plaintiffs and the Education Trust Board of New Mexico, the Education Plan Trust of New Mexico, and the State of New Mexico (collectively, the "Board"). In June of 2009, Plaintiffs filed a class action complaint for breach of contract alleging that they and the class they represented were investors in the State of New Mexico 529 college savings plans that allegedly suffered losses due to the Board's mismanagement of their investments during the Financial Crisis of 2008. *See* First Amended Class Action Complaint, (filed December 21, 2009) (the "Class Action Complaint"), attached to the Fish Declaration as Exhibit 2. In the Class Action Complaint, Plaintiffs alleged that the Board breached the investment contracts between Plaintiffs and the Board by failing: "[1] to perform [their] obligations in good faith, i.e. to act honestly and in accordance with standards of

fair dealing under the surrounding circumstances [and] . . . [2] 'to act with the care, skill and diligence, under the circumstances then prevailing, which would characterize the actions of a prudent person who is acting as such a trustee . . .'." *Id.*, ¶92. Plaintiffs did not sue Defendants and Defendants were not parties to that litigation.

6. On October 7, 2013, the Board and Plaintiffs entered into a stipulation of settlement pursuant to which Plaintiffs agreed to dismiss their claims against the Board in exchange for a cash payment of $3.75 million and an assignment of the Board's purported indemnification claims against Defendants. Ex. 1, ¶14.

7. In their First Amended Complaint against Defendants, Plaintiffs, as assignees of the Board's alleged indemnification claims, now seek to recover from OFI the alleged "Losses" suffered by the Board in the prior lawsuit between Plaintiffs and the Board. *Id.* ¶¶ 7, 15. These alleged "Losses" are comprised of the $3.75 million settlement payment and approximately $1.2 million in legal fees, among other things.

8. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Defendants have satisfied the procedural requirements for removal and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

9. In filing this Notice of Removal, Defendants do not waive any, and specifically reserve all defenses, exceptions, rights, and motions. No statement or omission in this Notice shall be deemed an admission of any of allegations of or damages sought in the First Amended Complaint.

## DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt by Defendants of a copy of the First Amended Complaint.

11. OFI, OFIPI, and OFDI consent to removal.

12. This Court is the proper venue for this action because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. No previous application has been made for the relief requested herein.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy will be filed with the State of New Mexico, County of Santa Fe, First Judicial District Court.

## THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

15. Under 28 U.S.C. § 1441, a party may remove to federal court any action filed in state court of which the district courts of the United States have original jurisdiction. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

    A. **This Court Has Original Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)**

        1. **There Is Complete Diversity of Citizenship**

16. There is complete diversity of citizenship between Plaintiffs, citizens of New Mexico and California, and the Defendants, citizens of Colorado and New York.

4

17. According to the First Amended Complaint, Plaintiffs Ping Lu, Stephen Spencer, Spencer Stopa, and Judy C. Winnegar are residents of New Mexico, and Plaintiffs Jill and Richard McKeon are residents of California. Ex. 1, ¶¶ 1-6. Accordingly, upon information and belief, Plaintiffs are citizens of New Mexico and California. *See* 28 U.S.C. § 1332.

18. OFI is, and was at the time Plaintiffs commenced the State Court Action, a corporation organized under the laws of the State of Colorado with its principal place of business at 2 World Financial Center, 225 Liberty Street, 11th Floor in New York, New York. *See* Declaration of Michael Sternhell in Support of Notice of Removal, ¶ 3. Therefore, OFI is a citizen of Colorado and New York. 28 U.S.C. § 1332(c)(1).

19. OFDI is, and was at the time Plaintiffs commenced the State Court Action, a corporation organized under the laws of the State of New York with its principal place of business at 2 World Financial Center, 225 Liberty Street, 11th Floor in New York, New York. *Id.* 4. Therefore, OFDI is a citizen of New York. 28 U.S.C. § 1332(c)(1).

20. OFIPI is, and was at the time Plaintiffs commenced the State Court Action, a corporation organized under the laws of the State of New York with its principal place of business at 2 World Financial Center, 225 Liberty Street, 11th Floor in New York, New York. *Id.* 5. Therefore, OFIPI is a citizen of New York. 28 U.S.C. § 1332(c)(1).

21. Accordingly, there is complete diversity between Plaintiffs and Defendants.

    **2.    The Amount In Controversy Exceeds $75,000**

22. The amount in controversy exceeds $75,000, exclusive of interests and costs.

23. In their First Amended Complaint, Plaintiffs allege that Defendants breached the program management contract with the Board. *E.g.*, Ex. 1, ¶ 35. Plaintiffs allege that they are

"assignees" of the Board and are pursuing recovery for all losses incurred or sustained by the Board, including but not limited to the $3,750,000 settlement paid by the Board to the Plaintiffs, approximately $1,219,439 in attorneys' fees and costs expended by the Board, and also "all damages suffered by the Assignors" as alleged in their First Amended Complaint. Ex. 1, ¶¶ 7, 13, 14, 17.

24.     While Defendants dispute the factual and legal merits of Plaintiffs' claims and alleged damages, in light of Plaintiffs' claimed damages on the face of the First Amended Complaint, the amount in controversy exceeds $75,000.

25.     Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the case may be removed pursuant to 28 U.S.C. § 1441.

26.     In accordance with 28 U.S.C. § 1446 (a), Defendants have attached hereto all the state court process and pleadings as Exhibit 3 to the Fish Declaration.

WHEREFORE, defendants OppenheimerFunds, Inc., OFI Private Investments, Inc., and OppenheimerFunds Distributor, Inc., remove this action from the State of New Mexico, County of Santa Fe, First Judicial District Court to this Court pursuant to 28 U.S.C. § 1441.

Dated:  July 3, 2014                    Respectfully submitted,

**Modrall Sperling Roehl Harris & Sisk, P.A.**

By:/s/ Paul M. Fish
    Paul M. Fish
    Kevin D. Pierce
    Attorneys for Defendants
    Post Office Box 2168
    Bank of America Centre
    500 Fourth Street NW, Suite 1000
    Albuquerque, NM 87103
    Phone: 505.848.1800
    &

**DECHERT LLP**
Joshua D. N. Hess (*pro hac vice pending*)
Mark P. DiPerna (*pro hac vice pending*)
One Bush Street, Suite 1600
San Francisco, CA 94104
Phone: 415.262.4500

I HEREBY CERTIFY that on the 3rd day of July, 2013, I filed the foregoing electronically through the CM/ECF system, and e-mailed the foregoing to the following counsel of record for Plaintiffs:

John C. Bienvenu - jbienvenu@rothsteinlaw.com

Kristina Martinez - kemartinez@rothsteinlaw.com

Lynn Lincoln Sarko – lsarko@kellerrohrback.com

T. David Copley – dcopley@kellerrohrback.com

Amy Williams-Derry – derry@kellerrohrback.com

Benjamin Gould – bgould@kellerrohrback.com

**Modrall Sperling Roehl Harris & Sisk, P.A.**

By:/s/ *Paul M. Fish*
    Paul M. Fish

W2211902.DOC
15208231.13.LITIGATION

7