IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Ping Lu, Jill McKeon, Richard McKeon,
Stephen Spencer, Spencer Stopa, and Judy C.
Winnegar,

            Plaintiffs,

   v.

OppenheimerFunds, Inc., Oppenheimer Private
Investments, Inc., and OppenheimerFunds
Distributor, Inc.,

            Defendants.

Case No.    1:14-CV-00618-JB-RHS

**REPLY IN SUPPORT OF OFI'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendants OppenheimerFunds, Inc. ("OFI"), OFI Private Investments, Inc. ("OFIPI"), and OppenheimerFunds Distributor, Inc. ("OFDI") (collectively, "OFI") hereby submit this reply in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the May 14, 2014 First Amended Complaint ("FAC"), Doc. 2-1.

**INTRODUCTION**

Plaintiffs' Response is revealing in what it chooses to ignore. Plaintiffs do not mention, much less explain, how the Board is entitled to indemnification here given the numerous allegations incorporated into the FAC that place the blame for the "Losses" sought here on the Board's own misconduct. This fatal omission is dispositive and irredeemable. Plaintiffs also push aside the fact that the Board released claims against OFI regarding its purported misconduct, alternatively decrying the release as an "affirmative defense" or, for the first time,

1

invalid.  But Plaintiffs' indemnification right, to the extent there is one, expressly arises from the OFI Settlement Agreement[1] and the release, so Plaintiffs bear the burden of alleging sufficient facts – not legal conclusions – that they hold a claim that survives that release.  *See* OFI Settlement Agreement, Doc. 22-3 § V(1)(f);  FAC ¶ 19.  Moreover, the validity of the release is not challenged in the FAC – although it was executed over 3 years ago – and has never been challenged by the Board.  Further, Plaintiffs assert that they bring this claim directly and not as a class, but in doing so ignore the language of the Class Action Settlement and their Assignment that directly undermine their argument and the unrebutted case law that, for good reason, rejects their approach.

Finally, Plaintiffs' opposition ignores critical facts, including the PMA's provisions addressing assignment of claims the Board's initial obligations to pursue a claim for indemnification.  For all of the foregoing reasons, OFI's motion should be granted with prejudice.

**I.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM**

    **A.    The FAC Fails To Allege Conduct By OFI Entitling The Board To Indemnification**

Plaintiffs fail to allege that OFI breached the PMA, nor do they allege conduct that would rise to the level of gross negligence, bad faith, willful misconduct, fraud or OFI's reckless disregard of its duties under the PMA.  Doc. 21, Mot. at 9-11.  This deficiency stems from Plaintiffs' inability to reconcile their conclusory assertions of OFI's purported misconduct with their *concurrent* and specific factual allegations that OFI performed its services at the direction of the Board and that it both "kept the Board fully informed concerning the Plan's operations,

---

[1] Capitalized terms not defined in this Reply have the definitions given to them in OFI's Motion to Dismiss the First Amended Complaint, Doc. 21.

including the management and performance of the Trust's fixed income holdings" and "provided the Board and the Trust with detailed, formal reports" at least quarterly.  Doc. 22-1 ¶ 49.

Unable to allege facts showing OFI's misconduct, Plaintiffs rely entirely on the legal conclusions from their FAC, and highlight one equally bankrupt legal conclusion from the Assignment – that the Board "explicitly recognized, acknowledged and stipulated" that the Board itself had "suffered, incurred, sustained and become subject to Losses from and against which [OFI] agreed to indemnify [the Board] as set forth in Sections 12.1 and 12.2 of the PMA." Resp. at 10-11.  The fact the Board "stipulated" to a legal conclusion in a self-interested effort to extinguish legal claims against it does not allow "the court to draw the reasonable inference that [OFI] is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Because Plaintiffs stand in the Board's shoes, the Board's stipulation to its own alleged harms is nothing more than *ipse dixit*.

> **B.  The FAC Fails to Adequately Allege That The Board Suffered Recoverable "Losses" Under Section 12.2 Of The PMA, Indeed, It Alleges Just The Opposite**

The FAC also fails because its allegations affirmatively demonstrated that the Board's "Losses" arose from its own misconduct.  As OFI established in its opening brief, under the PMA, OFI is *not* required to indemnify the Board for "Losses" caused by, among other things, the Board's negligence, bad faith, willful misconduct, or willful violation of law.  Doc. 22-2, § 12.2.  Yet Plaintiffs' allegations affirmatively show just that, demonstrating that the Board is *not entitled* to recover these Losses from OFI.  The Class Action Complaint, and therefore the FAC, is replete with allegations that that the Board breached its obligation "to act honestly and in accordance with the standards of fair dealing under the surrounding circumstances" and that "as

a direct and proximate result of the [Board]'s breach of contract, Plaintiffs and the Class suffered compensable damages."  FAC ¶ 92, 94; *see also id.* ¶ 47 ("[w]hen the stock market began crashing, largely due to massive MBS speculation and leverage, *the Board and the Trust* 'doubled down,' intentionally taking on even more leverage and risk in the Trust holdings that were supposed to be 'conservative.'") (emphasis added); *id*. ¶ 34 ("[t]his lawsuit concerns the State's mismanagement of certain 'fixed income' assets, in breach of the Agreements."). Plaintiffs explicitly incorporated these and other similar allegations from the Class Action Complaint, and "a party may plead itself out of court by either including factual allegations that establish an impenetrable defense to its claims or by attaching exhibits that establish the same. Here, the plaintiffs have done both." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006) (citation omitted); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (Plaintiff "pleaded himself out of court by attaching the arbitration award to his complaint" which showed plaintiff was not entitled to relief).  Not surprisingly, Plaintiffs completely ignore these allegations and make no attempt to explain how their indemnification claim can possibly survive their own FAC's allegations of Board misconduct.

Instead, Plaintiffs' only response is that the Board "consistently blamed Defendants for the losses that Plaintiffs sought to recover from Assignors," citing one line from its settlement with the Board for support.  Resp. at 12 (citing Doc. 22-4).  Plaintiffs' contention is telling for two reasons:  (1) it highlights Plaintiffs' inability to cite an allegation in the *FAC* that the Board was not to blame; and (2) it emphasizes the point that Plaintiffs *themselves* have not and cannot allege that the Board's "Losses" were not the product of its own misconduct.

4

Plaintiffs' failure to allege that the Board was not itself culpable (and therefore entitled to indemnification) is not accidental. It is notable that in pursuing the Class Action, Plaintiffs chose to sue only the Board, and expressly disclaimed that they were bringing any claim against OFI. Plaintiffs previously represented to the state court in obtaining approval of the Class Action Settlement that they "firmly believe[d] they ha[d] meritorious claims on the merits" against the Board. Doc. 22-4 at 16. It would be impossible, consistent with Federal Rule of Civil Procedure 11, for them to now repudiate the allegations in the Class Action Complaint and representations made to the state court to get a settlement approved. *See* Fed. R. Civ. P. 11(b)(3). Plaintiffs therefore will not be able to amend their FAC consistent with their obligations under Rule 11. *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at \*6-7 (S.D.N.Y. Sept. 24, 2008) (granting motion to dismiss and motion for Rule 11 sanctions after plaintiff's "transparent attempt" to contradict and "amend his pleading in order to avoid a dispositive defense[.]").

Plaintiffs' Rule 11 obligations aside, leave to amend should be denied where, as here, "the proposed amendment directly contradicts allegations made in the original pleadings, such that the original and amended factual accounts cannot be reconciled." *T.D. Williamson, Inc. v. Assoc. Eng'rs, India*, 2013 U.S. Dist. LEXIS 175730, at \*10 (N.D. Okla. Dec. 16, 2013).[2]

---

[2] *See also Andrade v. Miami Dade County*, 2011 WL 4345665, at \*6-7 (S.D. Fla. Sept. 16, 2011) ("allowing Plaintiff to amend his complaint to aver contradictory facts, as opposed to averring a newly discovered fact or an alternative theory of the case, would be an attempt to manipulate the course of litigation."); *Kant v. Columbia Univ.*, 2010 WL 807442, at \*7 (S.D.N.Y. Mar. 9, 2010) (denying leave to amend and stating that the court is "free to consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend[.]"); *Wallace v. New York City Department of Corrections*, 1996 WL 586797, at \*2 (E.D.N.Y. Oct. 9, 1996) (granting motion to dismiss when "[t]he plaintiff blatantly changes his statement of the facts in order to respond to the defendants' motion to dismiss.").

### C. The Board Has Released The Claim Plaintiffs Are Attempting To Assert

The FAC must also be dismissed because the Board released its claim for indemnification under Section 12.2 of the PMA for all "Losses" it may suffer. *See* Doc. 22-2 § 12.2; FAC ¶ 19.[3] Plaintiffs assert that the Board's release of OFI contained in the OFI Settlement Agreement constitutes an affirmative defense they should not have to "plead around." Resp. at 13-14. But the FAC itself purports to assert "rights of indemnification *arising under* . . . *Section V of the June 16, 2010 Settlement Agreement*." FAC ¶ 15 (emphases added). OFI's request that the Court enforce the terms of the same contract that Plaintiffs are seeking to enforce does not constitute an "affirmative defense." Courts regularly grant motions to dismiss on the grounds that the claims asserted have been previously released because "[p]ublic policy encourages settlement agreements, and the courts have a duty to enforce them." *Envtl. Control, Inc. v. City of Santa Fe*, 2002-NMCA-003, 131 N.M. 450, 38 P.3d 891 (affirming grant of motion to dismiss that relied on settlement agreement).[4]

In contrast, Plaintiffs fail to cite any authority that reliance on a release is improper on a motion to dismiss, because they cannot.[5] Indeed, Plaintiffs' own authority holds that "dismissing

---

[3] For example, the FAC seeks indemnification for the $1,219,439 in attorneys' fees allegedly expended by the Board. FAC ¶ 13. The attorneys' fees paid by the Board are plainly not "losses suffered by any Affected Plan Participant in his Account" *id.* ¶ 19 who did not execute a release letter. Plaintiffs' attempted recovery of this sum highlights their disregard for the plain language of the claim that was reserved in the OFI Settlement Agreement.

[4] *See also Hermes Automation Tech., Inc. v. Hyundai Elecs. Indus. Co., Ltd.*, 915 F.2d 739, 749 (1st Cir. 1990) (reviewing settlement agreement on motion to dismiss to determine whether claims had been previously released); *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 912 (D. Md. 2009) (granting motion to dismiss because plaintiffs' suit was barred by release).

[5] Plaintiffs' cite to *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) is innaposite because the Seventh Circuit merely held that a *pro se* plaintiff was not required to plead around the affirmative defense of statute of limitations.

6

a case under Rule 12(b)(6) on the basis of an affirmative defense requires that (i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." (Quotation omitted). *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006). Those elements are met here because (1) the OFI Settlement Agreement is properly before the Court (indeed, it is an express basis of Plaintiffs' indemnification claim),[6] and (2) the plain terms of that agreement mandate dismissal of Plaintiffs' claim.

Plaintiffs also claim the plan participant releases were "invalid, unenforceable, and of no legal effect." Resp. at 14. Even if Plaintiffs' contention had merit – which it does not – this allegation does not appear anywhere in the FAC and must be disregarded. *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 619 (10th Cir. 1998) ("Plaintiffs may not rely on arguments extending beyond the allegations of the complaint to overcome pleading deficiencies; rather, the complaint itself must show that plaintiffs are entitled to relief") (quotation omitted). In any event, Plaintiffs quote their joint unopposed motion for settlement approval (Doc. 22-4) with the Board (not contemporaneous documents), that the releases were obtained through allegedly incorrect notices that constituted "numerous breaches of the Settlement Agreement" by OFI (Resp. at 15), but the FAC contains no allegation that the Board (or anyone else) ever challenged the validity of these releases in the *three years* since they were executed. And Plaintiffs, in any

---

[6] Plaintiffs did not file any response to OFI's Request for Judicial Notice, Doc. 23. In fact, in their Response, Plaintiffs only objected to the Court's consideration of one exhibit identified in the Request for Judicial Notice, a letter from Joshua D. N. Hess to The Honorable T. Glenn Ellington (Doc. 22-5). The Request for Judicial Notice should therefore be granted. Moreover, as stated in OFI's Reply in Support of the Request for Judicial Notice, Plaintiffs' objection to the Court's consideration of Doc. 22-5 is without merit. *See* Doc. 42.

event, have no standing to allege a breach of the OFI Settlement Agreement because (1) Plaintiffs are not a party to that agreement, and (2) that claim was never assigned to them.

> D. **The Board's Contractual Indemnification Claims Are Not Assignable**

The PMA plainly and explicitly prohibits any assignment of any part of it to third parties. Doc. 22-2, §§ 18.6, 18.8.  Plaintiffs' only response is that an anti-assignment provision typically is construed to prohibit assignment of duties, but not rights.  *See* Resp. at 16 (citing *Paperchase P'ship v. Bruckner*, 1985-NMCA-003, ¶ 7, 102 N.M. 221, 693 P.2d 587).  This rote response, however, is off the mark, because it ignores the PMA's third-party beneficiary clause at § 18.8, which, combined with the anti-assignment provision at § 18.6, shows a clear intent to prohibit the assignment of any right under the PMA.  *See Espinosa v. United of Omaha Life Ins. Co.*, 2006-NMCA-075, 139 N.M. 691, 137 P.3d 631, 639 (anti-assignment clauses are valid and enforceable under New Mexico law "where the language or circumstances indicate a clear intention to prohibit assignment."); Mot. at 14-15.

> E. **The Board Failed To Comply With The Prerequisites For Indemnification Under The PMA**

OFI also established that the Board failed to either tender its defense or obtain approval of its settlement with Plaintiffs, both of which are contractual prerequisites to indemnification. Rather than respond to the substance of this argument, Plaintiffs offer the irrelevant, semantic quibble that the word "perfecting" used in OFI's opening brief is a term only applicable in the context of "security liens."  Resp. at 17-18.  Accordingly, there is no factual dispute over whether the Board took the requisite steps outlined in the PMA to claim a right to

indemnification from OFI – it did not.[7]  The judicially noticeable facts presented here, moreover, entirely contradict the FAC's conclusory statements that these prerequisites were met.  Mot. at 15-17; Doc. 22-5.  The FAC consequently fails to plead facts showing that Plaintiffs are entitled to relief.  *See N. Cal. Monument Dealers Ass'n v. Interment Ass'n of Cal.*, 120 F. Supp. 93, 94 (N.D. Cal. 1954) ("complaint [of assignee upon assigned claim] must allege facts showing that the assignor would be entitled to relief").

### F.   Plaintiffs' FAC Improperly Seeks To Circumvent The Class Certification Requirements of Rule 23

Finally, the FAC should also be dismissed because it improperly seeks recovery for the benefit of a class of absent plan participants, but it does not even attempt to comply with Federal Rule of Civil Procedure 23.  Mot. at 17-18; *Zimmermann v. Epstein Becker & Green, P.C.*, 657 F.3d 80, 85 (1st Cir. 2011).  Plaintiffs claim that they do not have to comply with Rule 23 because only the five named class representatives from the Class Action are "Assignees" of the Board's claim for indemnification.  Resp. at 21-23.  This assertion is easily disposed of by the terms of the relevant documents themselves.  It is uncontroverted that the assignment Plaintiffs assert was provided by the Board as part of a class action settlement, *i.e.*, the Board obtained a release of liability from *the Class* (not just the named plaintiffs) in exchange for the assignment and $3.75 million.  Relying exclusively on the definition "Assignees" in the Assignment, Plaintiffs implausibly assert that while the $3.75 million went to "the Class," the Assignment only went to these individual Plaintiffs alone, "on behalf of the Class."  Resp. at 21.  But in the

---

[7] Rather than engage the specific provisions of the PMA relied upon by OFI, Sections 12.7(b) and (d), Plaintiffs focus exclusively on an entirely separate provision about notice – Section 12.7(a) – that was never mentioned by OFI.  *See* Resp. at 18-19.  Plaintiffs' attempt at bait-and-switch is both dishonest and unpersuasive.

very document they rely upon, "Assignees" is defined "collectively" as the named Plaintiffs, on behalf of themselves, *and* the "Class." FAC, Exhibit A at 1. The Assignment's terms further clarify that the Assignees are not merely the named plaintiffs. Instead, as one would expect in a class settlement, the Assignment states that both the cash and assignment were a package that went to the same party (the "Assignees"). *Id*. at 2 ¶ 5 (emphasis added). Specifically, it provides that the Board settled the lawsuit for "consideration of a cash payment by Assignors to *Assignees* in the amount of $3,750,000 and the assignment of indemnification rights set forth in this agreement." *Id.* (emphasis added). It is undisputed that the $3.75 million was not paid solely to these five named plaintiffs, but was paid to the Class as a whole. Similarly, pursuant to this provision, the Board's claim for indemnification was necessarily assigned to the whole class, not just these individual plaintiffs.

In any event, as established in OFI's opening brief, *Zimmermann*, expressly forbids the sophistry Plaintiffs offer, and Plaintiffs elevate the form of the FAC over its substance when they attempt to distinguish that case. Resp. at 22-23. The court in *Zimmermann* understood "Plaintiffs to be Andrew and Kelly Zimmermann, suing individually and on behalf of the CCCC Action class." *Zimmermann v. Epstein Becker & Green, P.C.*, 2010 U.S. Dist. LEXIS 67835, at *4 (D. Mass. July 8, 2010), *aff'd by* 657 F.3d 80, 85 (1st Cir. 2011). Plaintiffs here likewise allege that they "hold the assigned claims on behalf of themselves and a class certified in New Mexico State Court (the 'Lu Class') . . . ." FAC ¶ 7. That Plaintiffs merely go on to state that "this case is not brought as a class action or a collective action" (*id.*) does not make it so. The plaintiffs in *Zimmermann* also sought class-based relief, but failed to allege that they satisfied the Rule 23 requirements. 2010 U.S. Dist. LEXIS 67835 at *8. Plaintiffs here likewise seek

10

"damages in favor of Plaintiffs for the benefit of the Lu Class[.] …" FAC at 10. Just as in *Zimmermann*, Plaintiffs have failed to even allege that they satisfy the Rule 23 requirements, and the FAC should be dismissed.

Moreover, Plaintiffs' contention that the procedures and protections of Rule 23 are inapplicable because the absent class has no independent right to pursue the assigned claims (Resp. at 22), runs rough-shod over the due process protection owed to absent class members they explicitly continue to represent and raises a host of procedural and equitable infirmities. To be clear, Plaintiffs are claiming that, although they hold the Assignment pressed here by virtue of an agreement between the Class and the Board, they need not seek any input from the Class about how to conduct the litigation, the decision to dismiss or settle the case, or even seek judicial review to ensure that any recovery was in fact distributed to the Class appropriately (or at all). Plaintiffs fail to explain why the Class is not entitled to the protections of Rule 23 given that this Assignment was part and parcel of the recovery the Board provided in exchange for its release of all Class members' claims. Put bluntly, Plaintiffs' theory is nothing short of an expropriation from the Class and a flagrant attempt to deny absent class members any due process.[8]

Finally, Plaintiffs haphazardly claim that they are bringing this action pursuant to Federal Rule of Civil Procedure 17(a)(1)(F), which provides that a "real party in interest" includes "a party with whom or in whose name a contract has been made for another's benefit." Rule

---

[8] The continuation of this litigation in this posture also threatens to prejudice OFI. For example, if OFI were to prevail at trial (or, for that matter, if Plaintiffs attempt to settle this action), it is unlikely the claims of absent class members would be permanently foreclosed absent some form of notice. Thus, any judgment (or settlement) would potentially leave OFI open to additional suits by absent class members.

17(a)(1)(F) abrogated the application of a rule in equity that sometimes prevented the maker of a contract for the benefit of another (*i.e.* a third-party contract) from being a real party in interest. 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1549 (3d ed. 2010). Aside from being unmentioned in the FAC, here, Rule 17(a)(1)(F) has no application because OFI does not contend that Plaintiffs are not "real parties in interest," and even assuming that the Class is a third-party beneficiary of the contract between Plaintiffs and the Board, Plaintiffs here are not seeking to enforce that contract against the Board. Rather, Plaintiffs are half-heartedly attempting to use Rule 17(a)(1)(F) as an end-run around the Rule 23 protections afforded to both OFI and the absent class members. It is therefore not surprising that Plaintiffs cited no case law in support of their contention that Rule 17(a)(1)(F) allows them to assert a direct claim on behalf of a class, because it does not.

### E.     Leave To Amend Should Be Denied

For the reasons discussed in Section I(B), *supra*, request for leave to amend should be denied because amendment would be futile. *T.D. Williamson, Inc.*, 2013 U.S. Dist. LEXIS 175730, at *10.

### CONCLUSION

For the reasons discussed above and in OFI's Motion to Dismiss, OFI respectfully requests that the Court dismiss Plaintiffs' FAC for failure to state a claim.

Dated:  September 29, 2014              Respectfully submitted,

                                        DECHERT LLP

                                        By:*/s/ Joshua D. N. Hess*
                                            Joshua D. N. Hess
                                            Mark P. DiPerna
                                            One Bush Street, Suite 1600
                                            San Francisco, California 94104
                                            Phone:  415.262.4500

&

**Modrall Sperling Roehl Harris & Sisk, P.A.**
Paul M. Fish
Kevin D. Pierce
Attorneys for Defendants
Post Office Box 2168
Bank of America Centre
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103-2168
Phone: 505.848.1800

*Attorneys for Defendants*

I HEREBY CERTIFY that on the 29th day of September, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John C. Bienvenu - jbienvenu@rothsteinlaw.com

Kristina Martinez - kemartinez@rothsteinlaw.com

Lynn Lincoln Sarko – lsarko@kellerrohrback.com

T. David Copley – dcopley@kellerrohrback.com

Amy Williams-Derry – awilliams-derry@kellerrohrback.com

Benjamin Gould – bgould@kellerrohrback.com

**DECHERT LLP**

By: _*/s/ Joshua D. N. Hess*_
      Joshua D. N. Hess